PROMETHEUS PARTNERS LLP
EDUARDO G. ROY (SBN 146316)
eduardo.roy@prometheus-law.com
The Mills Tower
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone:     415.527.0255

Attorney for Defendant
CLIFTON BURCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00175 CRB |
|---|---|
| Plaintiff, | **DEFENDANT CLIFTON BURCH'S RESPONSE TO GOVERNMENT MOTIONS IN LIMINE** |
| v. | |
| ERIC WORTHEN, TAJ ARMON REID, a/k/a TAJ REID, DERF BUTLER, ANTON KALAFATI, CLIFTON BURCH, PETER MCKEAN, LEN TURNER, and LANCE TURNER, | Date:  Sept. 18, 2018<br>Time:  2:00 p.m.<br>Judge: Hon. Charles Breyer<br>Dept.: Courtroom 6. 17th Floor |
| Defendants. | |

Defendant Clifton Burch responds to the Government's Motions in Limine (ECF no. 252) as follows.

## MOTION TO PRECLUDE ARGUMENTS AND EVIDENCE REGARDING SELECTIVE PROSECUTION AND RACIAL PROFILING

The Government has asked the Court to preclude the defense from making claims of racial profiling or selective prosecution/investigation based on race—either in questioning witnesses or in argument—"on the grounds that such claims are for the Court, not the jury." (ECF no. 252 at p. 1:27). The Government notes that either type of claim may be the basis for a motion to dismiss, but they are

not defenses presented to the jury. (ECF no. 252 at pp. 2:23-27.)

Burch does not intend to raise this issue in opening. However, Burch opposes the motion to the extent it seeks to bar questioning of witnesses on the subject of race and/or racial profiling because such relief would effectively preclude him from making a motion for dismissal to the Court by preventing him from developing evidence on the issue. The Government asserts that "[i]f the defendants here had facts to make a claim that they were selectively targeted … they should have brought those claims to the Court in the form of a [pretrial] motion to dismiss." (ECF no. 252 at p. 3:7-9). This assertion is misplaced at best. Unlike a civil case with extensive pretrial discovery, the facts in a criminal case are developed through evidence at trial. If that evidence shows selective investigation or prosecution based on race or some other protected classification, then Burch can bring a motion to the Court, but would not argue it to a jury (if there is one).

In its motion, the Government cites *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005) for the proposition that the Court may preclude questions on the subject of racial profiling because they invite jury nullification. But the case concerns jury selection, not questioning of witnesses, and is inapplicable to the present motion.

Moreover, questions regarding possible racial profiling should not be precluded based on risk of prejudice. While an admission by a Government witness that there was racial profiling might be prejudicial in the eyes of a jury, a bald admission of racial profiling would presumably remove the case from the province of the jury and no harm would be done. On the other hand, Due Process rights "require that criminal defendants be afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984) (emphasis added). Precluding an entire subject of questioning that could give rise to a basis for dismissal would violate those rights. Further, Burch opposes the motion to the extent it would bar evidence or argument regarding race if it is relevant to other issues developed during trial.

## MOTION TO PRECLUDE ARGUMENTS AND EVIDENCE REGARDING OUTRAGEOUS GOVERNMENT CONDUCT

Similar to the issue of racial profiling and selective prosecution/investigation, the Government

also asks the Court to preclude both argument and evidence regarding outrageous government conduct, again on the grounds that it is an issue for the Court. (ECF no. 252 at pp. 4:24-5:5). And Burch's response is the same. Burch does not intend to argue the issue to the jury and does not oppose the motion as it is directed to argument. However, Burch should not be precluded from developing evidence at trial that could support a motion to dismiss.

In its motion, the Government actually acknowledges that "it is outrageous conduct for the government to engineer and direct a criminal enterprise from start to finish," and that such conduct supports dismissal for violation of due process. (ECF no. 252 at p. 5:14-15 [citing *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013)]). Burch submits that is exactly what happened here. The Government went beyond merely providing an opportunity for criminal conduct, but developed and directed the alleged enterprise that is the subject of the case. Precluding questioning on the subject would improperly erect barriers to the defense's ability to develop facts to support a motion to dismiss.

Moreover, because of the active role of the Government's informant in the underlying events, an order precluding questioning about outrageous Government conduct would be unmanageable—the defense would be effectively precluded from asking questions on the basic facts of the case.

## MOTION TO PRECLUDE ARGUMENTS AND REGARDING GOVERNMENT ALLOCATION OF RESOURCES

Defendant Burch does not intend to make jury arguments regarding Government allocation of resources and does not oppose the Government's motion to preclude such argument.

## MOTION TO PRECLUDE MENTION OR EVIDENCE REGARDING PRIOR ARREST OF GOVERNMENT INFORMANT

The Government moves to preclude all evidence or mention of the 1995 arrest of its star witness. (ECF no. 252 at p. 8:16-19:1.) As acknowledged in the motion, "[t]he CHS was arrested on suspicion of stealing multiple vehicles from a car dealership." (ECF no. 252 at p. 10:10-11.) Burch opposes the motion.

First, the alleged misconduct is probative of the witness's character for truthfulness and is

therefore admissible under Rule 608(b).

Second, there is a good faith basis to ask questions about the misconduct. Based on police reports that are both hearsay and not before the Court, the Government argues that the arrest was a mistake based on false allegations. But the Government's own description of the underlying events calls into question the honesty of its informant.

According to the Government, its informant was 25% owner of a car dealership, and when he was asked to clean out his office, he took three vehicles off the lot with the help of two accomplices. (ECF no. 252 at p. 7:1-9.) According to the Government, when he was arrested, the informant said he was "25 percent owner of the company and he was taking what belonged to him." (ECF no. 252 at p. 8:8-9.) Accepting this as true, the informant took three vehicles that did <u>not</u> belong to him—they belonged to the company—for the apparent purpose of using them as leverage in a business dispute. Such conduct demonstrates dishonesty and a willingness to work outside the law to advance a personal agenda.

Because the incident is relevant to the honesty of the informant, it is not unduly prejudicial, and the Government's motion should be denied.

### **MOTION TO PRECLUDE "GOOD CHARACTER" EVIDENCE**

The Government moves to preclude testimony about any defendant's character, stating that it anticipates a defendant may "seek to introduce testimony about his service to the community, how his business provides jobs to others, or the high regard in which he is held due to these activities," asserting that such evidence would be impermissible character evidence. (ECF no. 252 at p. 10:19-21.)

Defendant Burch does not oppose the motion to the extent it seeks to preclude actual character evidence, such as good works, generosity, or service to others. However, Burch opposes the motion to the extent that it would broadly preclude Burch (if he takes the stand) or other witnesses from testifying generally about his experience and background in the construction industry. Such testimony would not be offered for the purpose of proving character or conformity with such character, but for other purposes such as Burch's experience in estimating construction costs and the validity of any construction bid submitted by him.

## MOTION TO PRECLUDE REFERENCES TO POTENTIAL PUNISHMENT

The Government moves "to preclude, as irrelevant and prejudicial, any reference by the defense to any defendant's potential sentence during all phases of the trial." (ECF no. 252 at p. 11:21-22.) Defendant Burch does not intend to make references or jury arguments regarding potential sentencing he faces and does not oppose the Government's motion to preclude such references.

Burch notes that the Government has not asked to preclude questions to or arguments about the credibility of cooperating witnesses based on potential punishment, and he does not waive his right to ask such questions or make such argument. Such issues are directly relevant to credibility, and Burch should not be precluded from asking such questions to cooperating witnesses whether or not they are codefendants.

Dated: September 4, 2018                    Respectfully submitted,

By: /s/ Eduardo G. Roy
EDUARDO G. ROY
Attorney for Defendant
CLIFTON BURCH