ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
KIMBERLY HOPKINS (MABN 668608)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7478
   FAX: (415) 436-7234
   john.hemann@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 17-0175 CRB |
| Plaintiff, | )<br>) **GOVERNMENT'S SENTENCING** |
| v. | ) **MEMORANDUM**<br>) |
| TAJ REID, | )<br>) |
| Defendant. | ) |

     The United States does not object to the Sentencing Guideline calculations and corresponding guideline range recommended by the Probation Office. The government, however, recommends a sentence at the high, rather than the low, end of that range.

     As capably described by the Probation Officer, Reid was convicted after trial of conspiracy and two substantive counts of violating 18 U.S.C. § 666(a)(1)(B) for his part in a scheme to accept bribes in exchange for information regarding CalVet construction contracts (Counts 1-3). After trial, he plead guilty to an additional count charged in the Indictment (Count 8) related to a separate scheme to submit false bids to the Department of Energy for another construction contract.

     The issue for the Court, in the government's estimation, is how to address acceptance of

responsibility. The Probation Office properly calculated the Adjusted Offense Level to be 18, and then deducted two levels for acceptance of responsibility for a Final Offense Level of 16 and a corresponding sentencing guideline range of 21-27 months.

Defendant did not accept responsibility at trial prior to his convictions for participating in the CalVet bribery scheme. Far from it. He testified and asserted that he was compelled into the scheme by William Joseph, an FBI source, with whom Reid claimed to have developed (in a matter of weeks) a father-son-type relationship. He testified that he was so taken by Josheph's friendship that was motivated to please Joseph and, accordingly, committed the crimes in question. He also testified (inconsistently) that he was a victim of Joseph's – that he felt "pimped" and used by Joseph, whom he did not fully trust – and committed the crimes because he was duped into them by Joseph.

This testimony was false. As the Court witnessed during the trial and the Probation Officer describes in the Presentence Report, Reid and his co-conspirator Worthen came up with the bribery scheme and pitched it to Joseph. PSR ¶¶ 12-15. As the contemporaneously recorded conversations revealed, Reid was laser-focused on getting money from Joseph in exchange for the CalVet contracts, even though he knew the two were committing a federal crime. PSR ¶ 15. The communications recorded at the time reveal that it was Reid and Worthen who pushed the scheme and the bribes, and they were not forced into them by Joseph, with whom they had an entirely arms-length relationship.

In closing, the defense argued that Reid was factually innocent and that he was entrapped by Joseph and the government. The jury rejected these arguments and convicted Reid on all three counts.

If sentencing followed the trial alone, Reid would not be entitled to acceptance of responsibility. However, one count remained and Reid plead guilty to it on June 18, 2018. This count focused on a separate scheme in which Reid facilitated the filing of false bids by contractors as part of an FBI sting that grew out of another undercover operation. During the presentence investigation, Reid met with the Probation Officer and articulated acceptance of responsibility which, absent his early false testimony and denial of guilt at trial, would be sufficient to earn credit under the Guidelines. PSR ¶ 38.

The government's position is better late than never, but not without consequence. The Court should find that defendant is entitled to acceptance of responsibility credit and accept Probation's recommended offense level (16) and guideline range (21-27 months). However, the Court should

impose sentence at the high-end of the range – 27 months – rather than the low end of the range as recommended by Probation.  Reid did go to trial; he did lie on the stand; he did assert factual innocence; and he did falsely claim that he was entrapped.  This conduct should not simply disappear because he made a few short, rather wooden post-trial statements to the Probation Officer indicating that he regretted his actions – statements calculated to garner acceptance credit at sentencing.

The Court would be well-within its discretion to deny defendant Reid credit for acceptance of responsibility.  However, in this case the totality of circumstances described in the Probation Report suggests that justice would be served rather by awarding acceptance credit and sentencing at the high end of the range.  The government recommends a 27-month sentence.

DATED:  October 22, 2018                                  Respectfully submitted,

ALEX G. TSE
United States Attorney

*John H. Hemann*

_____
JOHN H. HEMANN
KIMBERLY HOPKINS
Assistant United States Attorneys

GOVT'S SENTENCING MEMO                     3
CR 17-0175 CRB