RIORDAN & HORGAN
Dennis P. Riordan (State Bar No. 69320)
dennis@riordan-horgan.com
Donald M. Horgan (State Bar No. 121547)
don@riordan-horgan.com
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone: (415) 431-3475

Attorneys for Defendant
LEN TURNER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEN TURNER,<br><br>　　　　　Defendant. | Case No. 17-cr-0175-CRB<br><br>**Date:** July 31, 2019<br>**Time:** 1:30 p.m.<br>**Court:** Honorable Charles R. Breyer |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION *IN LIMINE* TO PRECLUDE ENTRAPMENT DEFENSE**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... - 1 -

RELEVANT PROCEDURAL FACTS .................................................................................. - 2-

I.    THE GOVERNMENT SEEKS A REMEDY NOT PERMITTED BY LAW ........................ - 3 -

II.   THERE IS NO FACTUAL OR LEGAL BASIS UPON WHICH TO GRANT THE
GOVERNMENT'S MOTION ................................................................................................. - 5 -

CONCLUSION ........................................................................................................................ - 7 -

**TABLE OF AUTHORITIES**

*Richardson v. Marsh,*
481 U.S. 200 (1987) ............................................................................................................... 7

*United States v. Becerra,*
992 F.2d 960 (9th Cir. 1993) ................................................................................................. 3

*United States v. Browning,*
436 F.3d 780 (7th Cir. 2006) ................................................................................................. 4

*United States v. Critzer,*
951 F.2d 306 (11th Cir. 1992) ............................................................................................... 4

*United States v. DeLaurentis,*
230 F.3d 659 (3d. Cir. 2000) .................................................................................................. 4

*United States v. Emmert,*
829 F.2d 805 (9th Cir. 1987) ................................................................................................. 4

*United States v. Gurolla,*
333 F.3d 944 (9th Cir. 2003) ................................................................................................. 3

*United States v. Hoyt,*
879 F.2d 505 (9th Cir. 1989) ................................................................................................. 4

*United States v. Russell,*
411 U.S. 423 (1973) ............................................................................................................... 4

*United States v. Thickstun,*
110 F.3d 1394 (9th Cir. 1997) ............................................................................................... 4

# INTRODUCTION

The government's "Motion *in Limine* to Preclude Entrapment Defense" is likely unprecedented, and for good reason. The government effectively asks this Court (a) to reject its own instructional ruling at petitioner's first trial; (b) ignore the prior jury's assessment of the entrapment defense; and (c) grant summary judgment on the issues of inducement and entrapment before hearing the evidence at retrial.  There is no law that supports such a request, and the Sixth Amendment's right to trial by jury prohibits it.

At Len Turner's first trial, the government asked this Court to deny the defendant an instruction on the defense of entrapment. That defense requires the government to prove beyond a reasonable doubt *either* (1) that the defendant was predisposed to commit the charged crime; *or* (2) that the defendant was not induced to commit that offense. A court can prohibit an entrapment instruction only upon a finding that no reasonable juror could have a reasonable doubt that the government has proven the absence of entrapment. At the close of the evidence at the first trial, and correctly applying the controlling Ninth Circuit evidentiary standard for instructing on entrapment, the Court rejected the government's request and instructed on the defense.  The jury then refused to return a unanimous guilty verdict against Len Turner.

In opening its motion in limine, the government once again contends that: "The Court should not allow an entrapment defense at retrial." *Id*. at 1. The government asserts that "because the evidence admitted at the first trial establishes that defendant was not entrapped, the Court [on retrial] should preclude any argument regarding entrapment and decline to instruct the jury on entrapment." *Id*. The government makes no claim in its motion that it previously proved that Len Turner was predisposed to engage in bid-rigging. *See Id.* at 5 n. 4. Rather, the government argues that at the first

- 1 -

DEFENDANT'S OPPOSITION TO
GOVERNMENT'S  MOTION *IN LIMINE* TO
PRECLUDE ENTRAPMENT DEFENSE
Case No. 17-cr-0175-CRB

trial it proved beyond a reasonable doubt that Len Turner was not induced to commit the charged offense.

The motion rests on precisely the same evidentiary record as did the Court's previous instructional ruling; the government thus is asking the Court to reconsider that earlier order and declare itself to have been in error on the issue of inducement. Given that at least some jurors found that the government had failed to carry its burden of proof on inducement, the government also is requesting that this Court declare those jurors to have acted unreasonably.

If it were true that on retrial no reasonable juror could find the government failed to carry its burden of proving the absence of entrapment, the government would have no fear of that defense being raised. The government instead seeks to bar the defense because it recognizes, with good reason, that a reasonable jury considering an entrapment defense at retrial would again refuse to convict Len Turner. But no ruling in this case would more likely constitute reversible error than that prohibiting an entrapment defense. The course proposed by the government therefore is both wrong-headed and reckless. The Court should reaffirm its prior ruling sustaining Len Turner's right to go to the jury on his entrapment defense.

## RELEVANT PROCEDURAL FACTS

In April of 2018, prior to Len Turner's first trial, the government moved in limine to preclude the defendant's counsel from mentioning the defense of entrapment in his opening statement, as well as to have the Court refrain from pre-instructing the jury on that defense. Dkt. 128, 196. The defense opposed that motion. Dkt. 132, 208. Subsequently, the government filed a supplemental brief opposing the giving of an entrapment instruction at the close of the evidence. Dkt 221. The Court ruled that it would not decide whether to instruct on entrapment until it had heard the evidence at trial, but that Len Turner's counsel was free to discuss the defense of entrapment in its opening statement. Defense counsel did so.

Following the close of evidence and during the instructional conference at Len Turner's first trial, the Court stated that the standard for the giving of an entrapment instruction was set for the Circuit by Judge Reinhardt. *See* Exhibit One (the jury instruction conference of 8/28/18, at page 48). The Court was referring to Judge Reinhardt's opinion in *United States v. Gurolla,* 333 F.3d 944 (9th Cir. 2003), holding that: "Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *Id.* at 951 (quoting *United States v. Becerra,* 992 F.2d 960, 963 (9th Cir. 1993))

The Court found that evidence had been admitted of "several" possible inducements, including Myles' promises of financial bonding "over and above this project," as well as evidence that Len Turner was "promised or induced or suggested that he would have other...projects over and above this project." Exh. One at 49. The Court then noted that the government would be free to argue that the defendant was offered nothing but the benefit of the allegedly fraudulent Lawrence Berkeley Lab project, thereby raising an issue of fact for the jury. *Id*. at 49-50. Based on those findings, the court proceeded to instruct on the defense of entrapment.

In her closing argument, AUSA Hopkins argued vigorously that the government had offered no inducements to Len Turner. *See* Govt's Exhibit C at 10 and 11; *see also, id.* at 12 (Len Turner's "own words and actions provide proof of [his] guilt and lack of Government inducement.") In spite of the government's arguments as to the absence of inducement, the jury declined to convict Len Turner.

**ARGUMENT**

**I.     THE GOVERNMENT SEEKS A REMEDY NOT PERMITTED BY LAW**

Having failed at Len Turner's prior trial to convince the jury to convict in the face of defendant's claim of entrapment, the government asks this Court to find proven beyond a reasonable doubt what that earlier jury did not: *i.e*., the absence of inducement. The government makes that

pretrial request not on the basis of the evidence that will be presented at the defendant's retrial, which the Court has yet to hear, but on the very evidence that the first jury found inadequate to merit a unanimous verdict of guilt.

Given the Sixth Amendment's right to trial by jury rather than judge, however, there can be no such remedy in a criminal case. *United States v. Browning,* 436 F.3d 780, 781 (7th Cir. 2006) ("[T]here is no summary judgment or directed verdict in a criminal case . . . ."); *United States v. DeLaurentis,* 230 F.3d 659, 661 (3d. Cir. 2000) (noting that there is no criminal equivalent to the motion for summary judgment in civil cases); *United States v. Critzer,* 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence.").

The government cites four cases in support of its motion to preclude the raising of an entrapment defense at trial: *United States v. Russell*, 411 U.S. 423, 436 (1973); *United States v. Thickstun*, 110 F.3d 1394 (9th Cir. 1997); *United States v. Hoyt*, 879 F.2d 505, 509 (9th Cir. 1989); and *United States v. Emmert*, 829 F.2d 805, 806 (9th Cir. 1987). In none of those cases did the district court issue a pretrial order prohibiting the defense from raising an entrapment defense at trial. Thus, those cases offer no support for the action the government now urges upon the Court. Furthermore, in three of those four cases --- *Russell, Thickstun, and Emmert* --- the district court *did* instruct on the defense of entrapment.

Only in *Hoyt* did the district court deny an entrapment instruction after hearing the evidence at trial, and it did so on the ground that no reasonable jury could conclude that the government had failed to prove that the defendant was predisposed to commit the drug offenses with which he was charged.  *See* 879 F.2d at 509 ("Given the substantial and overwhelming evidence of Hoyt's ongoing involvement in drug trading, Judge Aguilar did not abuse his discretion in refusing to give the

- 4 -

DEFENDANT'S OPPOSITION TO
GOVERNMENT'S  MOTION *IN LIMINE* TO
PRECLUDE ENTRAPMENT DEFENSE
Case No. 17-cr-0175-CRB

requested jury instruction. Furthermore, no rational jury could have entertained a reasonable doubt as to Hoyt's predisposition to sell cocaine.")

In sum, none of the case law cited by the government supports the taking of the issue of inducement from the jury following the presentation of evidence by the parties. Much less does that case law approve of the unconstitutional course of barring an entrapment defense *before* the defendant's trial has even begun.

## II.  THERE IS NO FACTUAL OR LEGAL BASIS UPON WHICH TO GRANT THE GOVERNMENT'S MOTION

The government's motion reads like a jury argument as to why the absence of inducement was proven beyond a reasonable doubt at Len Turner's first trial. Turner will not address in detail the fact-specific arguments made by the government for three reasons. First, this Court heard and considered all of that evidence on which the government relies in its motion before issuing its nuanced and balanced ruling that Ninth Circuit law required the giving of an entrapment instruction in this case. Second, the jury at the first trial heard and debated the same evidence at length before declaring that it could not find Len Turner guilty. Third, the Court's decision on instructing on entrapment at the defendant's retrial must be based not on the evidence introduced in August of 2018 but on that yet to be admitted in 2019.

As to the first point, the government does not dispute that this Court made a finding that the evidence of inducement admitted at trial was sufficient to require an instruction on entrapment. Obviously, that very same evidence concerning witness Myles's race-based promise to provide enormous bonding resources and other construction projects to the Turners can be presented again at a retrial. The government contends, however, that "[t]he record has now been fully developed, and the timeline recounted above demonstrates that no reasonable jury could conclude that the defendant was induced into joining the conspiracy on September 11, 2013." (Govt. Mot. at 5). According to the

government, it is time for the Court to recognize the error of its previous ways and deny Len Turner an instruction on entrapment.

At its core, the government is claiming that, despite the evidence of inducement at the last trial, Len Turner's statements and conduct fully countered that evidence and established beyond a reasonable doubt that Len Turner had been neither induced nor entrapped. As the Court noted in its instructional ruling, however, that evidentiary conflict presented questions of fact that only the jury could resolve. The Court further outlined the arguments that the government could present to the jury in its closing to oppose the defendant's claim of inducement. The government did just that. Govt. Exh. C at 12 ("Len Turner's...own words and actions provide proof of [his] guilt and lack of Government inducement.") But those arguments failed to convince the jury to return a verdict of guilty.

In now arguing that "no reasonable jury could conclude that the defendant was induced into joining the conspiracy," the government is demanding a finding from this Court that the jury members who concluded that the government had not carried its burden on entrapment were unreasonable. Suffice it to say that the government's deprecation of the powers of reason of those jury members is wholly unjustified. Post-trial, the Court as well as the attorneys for both parties had the opportunity to speak at length to all members of the jury. Their intelligence, level of education, and ability to describe their assessment of the evidence and to articulate their conclusions on the issues presented at trial were extremely impressive.

Ultimately, the government's assertion that this Court can decide to deny the defendant his entrapment defense based on the evidence presented at his first trial is baffling. To be sure, there would be significant overlap between the evidence previously presented to the jury and that which would be introduced at a retrial. But every judge or attorney faced with the prospect of retrying a case knows from previous experience that the evidence presented by both parties will differ, in some or

many significant respects, from that admitted at the first trial. And it is on the new record alone that the Court's instructional rulings must be based.

A final note. A substantial part of the government's motion rests on an attack on that portion of Len Turner's closing argument at the first trial which drew an admonition from the Court. The Court found that several paragraphs of counsel's thirty four page argument were inappropriate, and gave a curative instruction, to which defense counsel had no objection. Such curative instructions are as a matter of law presumed to have been followed by members of the jury. *Richardson v. Marsh*, 481 U.S., 200, 211 (1987)

A bedrock principle of any trial is that the arguments of counsel are not evidence. All the more obviously, the closing argument of defense counsel at Len Turner's first trial cannot and will not constitute evidence at his retrial. Any and all decisions on the jury instructions to be given at such a retrial must be based on the evidence at that future proceeding alone. Whatever the government's motivation for referencing defense counsel's previous closing argument in its motion, its doing so has no basis in law or logic.

**CONCLUSION**

The government's motion to deprive the defendant of his Sixth Amendment right to have the jury decide the issue of entrapment reflects its apprehension that yet another reasonable jury would, at a retrial, refuse to convict Len Turner. That is just the reason the instruction on entrapment is constitutionally required. The motion should be denied.

Dated:  July 24, 2019                    Respectfully submitted,

DENNIS P. RIORDAN
DONALD M. HORGAN
RIORDAN & HORGAN

 /S/ Dennis P. Riordan
DENNIS P. RIORDAN
Attorneys for Defendant
LEN TURNER